UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KATHLEEN COLLINS, aka
KATHLEEN ARMSTRONG,

        Defendant.
        _____/

CRIMINAL NO. 04-80329

DISTRICT JUDGE JOHN FEIKENS

MAGISTRATE JUDGE DONALD A. SCHEER

FILED
MAY 2 6 2006
CLERK'S OFFICE
DETROIT

## REPORT AND RECOMMENDATION

**I.**   **RECOMMENDATION:**

I recommend that the Court enter an Order of Restitution from defendant to the Commissioner of Social Security in the sum of $54,054.00, but providing for nominal payments of $50.00 per month and subject to modification in the event of a change in defendant's financial circumstances, all in accordance with the written agreement of the parties.

**II.**   **REPORT:**

    **A.**   **Procedural History**

Defendant Kathleen Collins was charged by Information on April 12, 2004 with one count of Theft of Government Property, in violation of 18 U.S.C. §641. The Information alleged that defendant "knowingly stole and converted to her own use, approximately $54,054.00 in disability benefits paid to her by the Social Security Administration (SSA)." Because the amount exceeded $1,000.00, Defendant was subject, upon conviction, to statutory penalties including up to ten (10) years imprisonment and a fine of $250,000.00.

On October 19, 2004, she executed a written waiver of her right to be charged by Grand Jury Indictment, and entered a plea of not guilty. She was released on a $10,000.00 unsecured bond. On the same date, Defendant entered a plea of guilty before Senior United States District Judge John Feikens to the charge contained in the Information. The plea was entered pursuant to a Rule 11 Plea Agreement containing limitations upon the sentence to which Defendant would be subject. Paragraph 2E of the Agreement provided that the Court would enter an Order of Restitution, "in an amount to be determined by the court."

On May 26, 2005, Defendant appeared for sentencing. The Court adopted the Presentence Report and Guideline Applications submitted by the Probation Department. The district judge departed downward pursuant to Guideline Section 5H1.4. Defendant was sentenced to thirty-six (36) months probation and a Special Assessment of $100.00. No fine was imposed. The Court entered a temporary award of $500.00 restitution, payable at $50.00 per month, pending determination by the assigned magistrate judge of the appropriate total amount of restitution to be imposed.

On June 13, 2005, the Court issued an Order of Reference to the magistrate judge, directing the submission of a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B) on the issue of restitution. A status conference was convened by the magistrate judge on July 6, 2005. On July 14, 2005, the magistrate judge issued a Scheduling Order providing for the filing of briefs and supporting documents, to be completed no later than September 19, 2005. By Stipulation of the parties, those dates were extended on two occasions. Ultimately, Defendant filed her initial brief on January 6, 2006. The government filed its response brief on January 31, 2006. Defendant

submitted a reply memorandum to the magistrate judge on February 14, 2006, although the docket reflects that the memorandum was not filed with the court.

### B. Applicable Law

Effective April 24, 1996, the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. §§3663A-3664, amended the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. §3663, which had theretofore governed orders of restitution. The MVRA applies to all sentences for certain crimes committed on or after its effective date. United States v. Davis, 306 F.3d 398, 425 (6th Cir. 2002); United States v. Schulte, 264 F.3d 656, 662 (6th Cir. 2001). Although Defendant in this case pled guilty to a single continuing offense, her conversion of each monthly benefit payment completed the elements of the offense for that period, and could have been charged separately. Because the offense to which the Defendant has pled guilty in this case extended from January 1996 to October 1999, each of the above statutes determines the issue of restitution for a portion of the loss suffered by the victim. Restitution for any loss suffered by reason of Defendant's offense conduct prior to April 24, 1996 would be governed by the VWPA. That statute provides that the court may order the Defendant to make restitution to any victim. In determining whether to order restitution, the court is required to consider the amount of loss sustained by each victim as a result of the offense, and the financial resources, financial needs and earning ability of the defendant and the defendant's dependents. The court may also consider "such other factors as the court deems appropriate." 18 U.S.C. §3663. The statute does not require an Order of Restitution, but merely vests the court with discretion to enter such an Order after consideration of the enumerated factors. United States v. Sanders, 95 F.3d 449 (6th Cir. 1996).

Restitution for Social Security Benefits unlawfully received by plaintiff after April 24, 1996, is governed by the provisions of the MVRA. United States v. Davis, 306 F.3d 398, 425 (6th Cir. 2002); United States v. Schulte, 264 F.3d 656, 662 (6th Cir. 2001). Under the MVRA, restitution is mandatory (18 U.S.C. §3663A(a)(1)) in the full amount of each victim's loss, and applies regardless of the defendant's economic circumstances (18 U.S.C. §3664(f)(1)(A)), in any case where the defendant is convicted of an offense against property (18 U.S.C. §3663A(c)(1)(A)). Davis, 306 F.3d at 424-25; United States v. Vandeberg, 201 F.3d 805, 812 (6th Cir. 2000).

Restitution under 18 U.S.C. §3663A for an offense committed by fraud or deceit is mandatory. Accordingly, the defendant's inability to pay does not reduce the amount of restitution. United States v. McDaniel, 398 F.3d 540, 554 (6th Cir. 2005). The government bears the burden of proving the victim's losses by a preponderance of the evidence. 18 U.S.C. §3664(e); Vandeberg, 201 F.3d at 814. For purposes of setting the rate and schedule of payments, the defendant bears the burden of demonstrating his financial resources, as well as those of her dependents. 18 U.S.C. §3664(e).

A Restitution Order under 18 U.S.C. §3663A must be issued "in accordance with Section 3664." 18 U.S.C. §3663A(d). The district court must specify the manner and schedule according to which the restitution is to be paid considering: "(A) the financial resources and other assets of the defendant, including whether any of those assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant, including obligations to dependents." 18 U.S.C. §3664(f)(2). Failure to consider the statutory factors requires that a Restitution Order be vacated and remanded. United States v. Tran, 234 F.3d 798 (2nd Cir. 2000).

4

The information to which Defendant pled guilty charged her with theft of government property relating to Social Security Disability Benefits received during the period January 1996 to October 1999. In fact, however, Ms. Collins received benefits through June 2001. The total of unauthorized benefits received is $81,443.70. The parties agreed in their Rule 11 Plea Agreement that defendant received $54,054.00 in benefits to which she was not entitled. That figure corresponds to the benefits paid during the period covered by the Information, and represents the maximum amount subject to a restitution order. A court may not make a restitution award based on losses resulting from conduct which is not charged. Hughey v. United States, 495 U.S. 411, 420 (1990); United States v. Comer, 93 F.3d 1271, 1278 (6th Cir. 1996).

### C.   Analysis

Defendant became eligible for Social Security Disability Insurance Benefits effective April 1990. Her benefits were terminated effective October 1995 due to substantial gainful activity ("SGA"). On January 6, 2006, in her Memorandum in Support of Defendant's Motion for Determination of the Amount of Restitution, Ms. Collins argued that, "when her normal business expenses and impairment-related medical and prescription drug expenses are taken into account, it is clear that she remained eligible to receive Social Security Disability Benefits up [sic] until at least January of 1999." (Defendant's Memorandum, p. 8). Defendant cites the government investigation which confirmed that she began working as an independent contractor for Superior Molds Services in October 1994, and continued in that capacity until the first week of January 1997. At that point, she became an employee of Superior, and continued working there until October of 1999. (Exhibit A to Defendant's Memorandum). The parties agree that, during the months October through

December 1994, Defendant's earnings were insufficient to constitute substantial gainful activity under Social Security regulations. Once a person who has been determined to be disabled begins work that qualifies as SGA, the agency affords her a nine month trial work period ("TWP"). 20 C.F.R. §404.1592a. If the recipient is still able to perform SGA after the nine month trial period, the agency makes a determination that she is no longer disabled. The recipient, however, is entitled to receive benefits for an additional three months after that determination. Id. In this case, the government determined that Defendant's nine month trial work period extended from January through September of 1995, and that her three month grace period extended from October through December 1995. Defendant argues that her normal business expenses and impairment- related medical and prescription drug expenses should be deducted from her earnings, thus reducing her income to a level below the definition of substantial gainful activity under the regulations. Thus, Defendant maintains that her nine month trial work period should be determined to have begun no earlier than January 1998, and her three month grace period should have begun no earlier than October 1998, delaying her liability for restitution until January 1999 at the earliest. Defendant's argument misses the mark.

As pointed out in Exhibit 2 to the Government's Response to Defendant's Motion for Determination of the Amount of Restitution, the agency does not consider impairment related work expenses when calculating the inclusive dates of a trial work period. 20 C.F.R. §§404.1572(f)(2), 1592. Defendant, therefore, is entitled to no deduction, and the earnings reported to the Social Security Administration ("SSA") by her employer for the period beginning October 1995 were properly considered substantial gainful activity warranting a cessation of benefits. 20 C.F.R. §§404.1574, 1575. Granting Ms. Collins the

standard three month grace period, she is properly chargeable for restitution of any benefits received from and after January 1996.

The Defendant maintains that her employment related work expenses and her medical and prescription drug expenses should also be deducted from her earnings following her TWP. Attached to her Memorandum, as Exhibits E and F, are spreadsheets reflecting her earnings and medical expenses during calendar years 1996 through 1997. The same information was submitted to the court at the time of Defendant's sentencing.

Defendant's Exhibit E reflects that her income during 1996 totaled $19,631.00. The Exhibit also reflects expenses for medical services and medications during the same period, and reveals that the listed expenses exceeded her income during each month, for a total deficit of $29,325.96. Exhibit F contains Ms. Collins' income and medical related expenses for 1997. During that year, Defendant earned $81,198.05 and claimed medical related expenses of $55,551.24, yielding a net income of $25,626.82. The Exhibit reflects that she exceeded $500.00 in income for each month, with the exception of August and September, during which period her expenses exceeded her income.

Defendant claims the benefit of 20 C.F.R. §404.1576, which provides that the agency will "subtract the reasonable costs to you of certain items and services which, because of your impairment(s), you need and use to enable you to work." Listed among the deductible expenses are "payments for drugs and medical services." 20 C.F.R. §404.1576(c)(5). The regulation, however, establishes five conditions which must be met in order to qualify for deduction. A claimant must demonstrate: (1) that she is otherwise disabled as defined in the regulations; (2) the severity of the impairment requires her to purchase the item or service in order to work; (3) the cost of the item or service was paid

7

by the claimant (no deduction is allowed for payments made by another source); (4) the payment was made in a month during which the claimant was working; and (5) the payment was in cash, check or other forms of money.

The Government's Response to Defendant's Motion for Determination of the Amount of Restitution correctly observes that Defendant failed to provide SSA with any information regarding her work activities. The regulations provide that a disability beneficiary is responsible for reporting all work activity promptly. 20 C.F.R. §404.1588. Even if that failure is overlooked, Defendant has failed to submit evidence that each item or service for which she claims a credit was medically required in order to permit her to work. She has also failed to demonstrate that she paid the costs of each item or service, in a month during which she was working, and in cash or some form of money. Defendant's Memorandum contends that she accepted employment by Superior Molds in order to secure health insurance coverage. Presumably, that coverage provided benefits for herself as well as her spouse. No credit can be allowed for any payment made by a health insurance carrier or other third party provider. Nor may a credit be allowed for expenses incurred, but not actually paid, during a month in which a claimant is employed. Defendant's spreadsheets merely list expenses. They do not reflect whether or not the expenses were actually paid, or the source of any payments which were actually made. In addition, the regulation requires that any payment for which a credit is sought must be reasonable (generally, not more than the prevailing charge for the same item or service under Medicare guidelines). 20 C.F.R. §404.1576(f). Finally, the regulations requires that SSA verify a claimant's need for the item or service, the amount charged and that any payment was made by the claimant. Neither the Defendant's Memorandum nor her

8

spreadsheets satisfies the regulatory requirements for a credit. Ms. Collins claims that she has multiple boxes of medical records, but none have been submitted to verify the accuracy of her exhibits. Defendant has had nearly one year to provide support for her claim of entitlement to deductions for medical costs. Financial accounting is her area of expertise, and she has offered no justification for her failure to meet the requirements set out in the applicable regulations, to say nothing of her failure to report her income and expenses to SSA on a timely basis. On the contrary, her plea of guilty to the charge set out in the Information stands as an acknowledgment that she received benefits to which she was not entitled during the period alleged. For all of the above reasons, I conclude that she has failed to demonstrate her entitlement to a deduction in the amount of restitution for which she is liable under the law.

In a separate argument, Defendant maintains that SSA should be held to have waived recovery of any overpayment in her benefits pursuant to 20 C.F.R. §416.550 et seq. The regulations cited, however, pertain only to recipients of Social Security Supplemental Security Income (SSI) benefits. The monies received by Defendant in this case were awarded under the Social Security Disability Income Benefits (DIB) program. Even if the cited regulations applied to this case, Defendant could not secure the benefit of them in the absence of a showing that she was without fault in connection with the overpayment. Defendant, of course, has pled guilty to the charge of Theft of Government Property, based solely upon her receipt of the benefits in question. That plea is both logically and legally inconsistent with a finding that she acted without fault. Defendant further appears to suggest that the government's failure to provide national health insurance should preclude its recovery of any benefits paid to her. That argument merits

little analysis. Plaintiff's disagreement with national health care policy, while constitutionally protected, is not a license to steal.

In the final argument, Defendant correctly observes that 18 U.S.C. §3663 afforded substantial discretion in connection with restitution. The statute plainly provided that the court "may" impose an Order of Restitution. §3663 applies to restitution for benefits wrongfully received by this Defendant prior to April 24, 1996, on which date 18 U.S.C. §3663A became effective. By my computation, $4,311.10 of the $54,054.20 received by Defendant during the period charged in the Information are governed by §3663 ($1,134.50 per month for January through March and 80% of April 1996).

In deciding whether to order restitution under 18 U.S.C. §3663, a court is required to consider the amount of loss to the victim, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate. 18 U.S.C. §3663(a)(1)(B). In the case at bar, those factors militate against the imposition of a restitution obligation. As stated above, the portion of benefits subject to discretionary restitution under the Victim and Witness Protection Act of 1982 is relatively small. Defendant's financial resources and earnings, as reflected in the Pre-Sentence Report, are modest. The court has also been provided with evidence that Defendant's spouse is not able to meaningfully contribute to the support of the household. On the contrary, the state of his health is such that Defendant will be obligated to incur substantial medical costs on his behalf. Defendant's health is also delicate, imposing a double burden of substantial medical expenses and limited capacity to remain gainfully employed. Considering all of the above circumstances, I find that any Restitution Order under §3663 would be unduly punitive, and I recommend

that no restitution be required for the portion of the government's loss which is subject to that section.

The remaining $49,743.10 in benefits received by Defendant during the period specified in the charge is subject to the terms of the Mandatory Victims Restitution Act. The amount of restitution is not discretionary. Rather, restitution must be ordered for the full amount of each victim's loss as determined by the court, without consideration of the defendant's economic circumstances.[1] 18 U.S.C. §3664(f)(1)(A); United States v. McDaniel, 398 F.3d 540, 554 (6th Cir. 2005). 18 U.S.C. §3663A(a)(2) defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . .." Section 3663A(b) requires restitution "in a case of an offense resulting in . . . loss . . . of property of a victim of the offense." Section 3663A(c)(1)(A)(ii) requires restitution in connection with "an offense against property under this title, including any offense committed by fraud or deceit . . .." The government, though not a "person," can be a "victim" under the MVRA. United States v. Ekanem, 383 F.3d 40, 42-43 (2nd Cir. 2004); United States v. Quarrell, 310 F.3d 664, 677 (10th Cir. 2002); United States v. Nichols, 169 F.3d 1255, 1280 (10th Cir. 1999). That proposition has been accepted in circumstances involving charges of misapplication of government funds, Ekanem, supra, theft of government property, United States v. Powell, 354 F.3d 362 (5th Cir. 2003), and in connection with damage to government property occurring as a consequence of unlawful conduct, Quarrell, supra. 18 U.S.C. §3664(l) makes specific

---

[1] Section 3663A(c)(3) describes very limited circumstances in which a court may decline to order restitution. Those circumstances do not exist in this case. See, United States v. Perry, 360 F.3d 519 (6th Cir. 2004).

provision that "[i]n any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution." That subsection evidences a clear congressional intent that the government can be a "victim." Of course, it is the only victim in the case under consideration here.

A Restitution Order under 18 U.S.C. §3663a must be issued "in accordance with §3664." 18 U.S.C. §3663A(d). A sentencing court must specify the manner and schedule according to which restitution is to be paid. The financial resources and assets of the defendant (including whether any assets are jointly held), together with her earnings and other income, and any financial obligations (including obligations to dependents) and other appropriate factors must be considered. 18 U.S.C. §3664(f)(2); United States v. Jackson-Randolph, 282 F.3d 369, 386 (6th Cir. 2002). Failure to consider such factors requires that a Restitution Order be vacated. United States v. Tran, 234 F.3d 798 (2nd Cir. 2000). Nonetheless, the MVRA requires a Restitution Order for the full amount of each victim's loss, as determined by the court, without consideration of the defendant's economic circumstances. 18 U.S.C. §3664(f)(1)(A); United States v. Matsumaru, 244 F.3d 1092 (10th Cir. 2001); United States v. Futrell, 209 F.3d 1286 (11th Cir. 2000); United States v. Alalade, 204 F.3d 536 (4th Cir. 2000); United States v. Leon-Dalfis, 203 F.3d 103 (1st Cir. 2000). On that basis, I conclude that an Order of Restitution in the amount of $49,743.10 is required in this case.

Even though the MVRA mandates an Order of Restitution for the full amount of a victim's loss, the court retains substantial discretion in determining the terms of payment. 18 U.S.C. §3664 provides, in pertinent part, as follows:

(f)(1)(A) In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.

\* \* \*

(2) Upon determination of the amount of restitution owed to each victim, the court, shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of –

> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>
> (B) projected earnings and other income of the defendant; and
>
> (C) any financial obligations of the defendant; including obligations to dependents.

(3)(A) A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.

(B) A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

\* \* \*

(k) A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim.

As stated above, the Pre-sentence Investigation Report in this case documents the Defendant's circumstances. While she is possessed of marketable skills, her capacity to be gainfully employed is limited by severe and permanent health concerns. Ms. Collins' husband is disabled from gainful employment, and is unable to contribute to the household only by reason of disability benefits. Primarily due to their continuing expenses for health care and medications, Defendant and her husband incur monthly living expenses in excess of their combined incomes. I am satisfied that the Defendant has established her present inability to pay more than a nominal amount toward the discharge of her restitution obligation. As a temporary measure, this Court imposed a payment obligation of $50.00 per month, representing less than 2.2% of defendant's individual earnings and approximately 1.3% of household income. Although the continuation of that $50.00 per month payment would undoubtedly constitute an inconvenience, I am satisfied that it is a reasonable obligation to impose, in view of the substantial loss occasioned by the Defendant's offense conduct. In the event of a significant change in the Defendant's economic circumstances, the Court "may adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. §3664(k).

While the Court has discretion to order a modest monthly payment schedule as an alternative to "due and payable immediately" restitution, there is authority for the proposition that the exercise of that discretion will not preclude a victim from initiating such collection methods as may be available under applicable law. See, United States v. James, 312 F.Supp. 2nd 802 (E.D. Va. 2004) ($150.00 per month payment schedule did not preclude government from initiating garnishment proceedings against defendant's retirement accounts). I am advised by government counsel that current Social Security

14

Administration policy does not include wage garnishment, but the legal right to such a remedy is not foreclosed. Indeed, the MVRA plainly provides that an Order of Restitution may be enforced by all available and reasonable means. 18 U.S.C. §1364(m), and that a victim named in a Restitution Order is entitled to an abstract of judgment in the amount specified by the Court, for purposes of establishing judgment liens or otherwise proceeding against the offender's property. Id. Based upon the information contained in the Pre-sentence Investigation Report in this case, there is no reason to believe that Defendant has non-exempt property subject to lien or execution. The SSA policy against wage garnishment affords reasonable assurance that Defendant's earnings will not be burdened beyond the Court's Installment Payment Order.

The parties to this case have recently entered into a written Stipulation for the entry of a Restitution Order providing a total restitution amount of $54,054.00, to be paid at $50.00 per month, and subject to modification in the event Defendant's financial circumstances change. A copy of the stipulation is attached to this Report. While the stipulated amount of restitution exceeds the minimum amount required by the MVRA, Plaintiff is afforded the benefit of SSA's commitment not to initiate garnishment proceedings. I am satisfied that the parties' Stipulation is reasonable under the circumstances presented in this case, and I recommend that the Court enter a Restitution Order which implements its terms.

As a final matter, I note that this Report, and the parties' Stipulation, follow Defendant's original sentencing date by nearly one year. Restitution Orders should normally be implemented within ninety (90) days of sentencing. 18 U.S.C. §3664(d)(5); United States v. Vandeberg, 201 F.3d 805, 813 (6th Cir. 2000). Where the defendant is the

cause of delay beyond the period contemplated in the statute, however, any claim for relief based upon the delay should be deemed to have been waived. See, United States v. Stevens, 211 F.3d 1 (2nd Cir.), cert. denied, Gall v. United States, 531 U.S. 1101 (2000). As reflected by the docket record and correspondence since the Order of Reference, the delay in determining restitution is attributable to Defendant, and will not constitute a basis for denying restitution as required by law.

Because the Stipulation of the parties affords Defendant the opportunity to make restitution in the form of nominal periodic payments until such time as her financial circumstances improve, and because it provides her the government's assurance that no effort to enforce its restitution award will be made by way of wage garnishment,[2] I recommend that the Court adopt the Stipulation as the basis for its Restitution Order. In the alternative, I recommend that the Court enter a Restitution Order in the amount of $49,743.10, payable at the rate of $50.00 per month, and subject to modification in the event of a change in Defendant's financial circumstances, as provided in the MVRA.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v.

---

[2] The copy of the written stipulation attached was submitted to me on May 25, 2006. It omits the assurance that garnishment will not be sought prior to a modification of the restitution order based on a showing of changed circumstances. I recommend that an amended stipulation be submitted to include that assurance.

Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

/s/ Donald C. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: 5/26/06

PURSUANT TO RULE 77 (d), FRCivP
COPIES HAVE BEEN MAILED TO THE FOLLOWING
John Rosal (via email)
Paul Burckorts (via email)

On May 26, 2006
/s/
DEPUTY COURT CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,
vs.
KATHLEEN COLLINS, a/k/a KATHLEEN
    ARMSTRONG, Defendant.
_____/

Case No. 04-80329
Hon. John Feikens
Magistrate Judge Donald A. Scheer

PAUL BURAKOFF (P28212)
Assistant U.S. Attorney
211 W Fort St # 2300
Detroit, MI 48226
(313) 2269631

JOHN F. ROYAL (P27800)
Attorney for Defendant
The Ford Building
615 Griswold St., Suite 1724
Detroit, MI 48226
(313) 962-3738
_____/



FILED
MAY 26 2006
CLERK'S OFFICE
DETROIT

### STIPULATION OF THE PARTIES TO THE TOTAL AMOUNT OF RESTITUTION, AND TO THE AMOUNT OF THE MONTHLY RESTITUTION PAYMENTS WHICH SHOULD BE ORDERED BY THE COURT AS A CONDITION OF DEFENDANT KATHLEEN COLLINS' SENTENCE

    This matter having been referred to Magistrate Judge Donald A. Scheer for a Recommendation and Report to the Court concerning the total amount of restitution and the appropriate amount of the monthly restitution payments which the Defendant Kathleen Collins should be responsible for as a condition of her sentence, and both parties having had the opportunity to present memoranda and documentary evidence, and to meet with the Magistrate Judge to review this matter, and the Magistrate Judge having fully reviewed and considered this matter, and both parties desiring to bring closure to this matter,

    NOW COMES the Defendant, Kathleen Collins, aka Kathleen Armstrong, by and through her attorney, John F. Royal, and the Plaintiff, the United States Government, by and through its attorney, Paul Burakoff, and respectfully stipulate to the issuance by the Magistrate Judge of a Report and Recommendation stating that the Defendant shall be responsible for restitution in a total amount of $54,054.00, and further recommending that the Defendant should be assessed monthly payments of $50.00 towards this total, as conditions of her sentence in this matter.

_____
JOHN F. ROYAL (P27800)
Attorney for Defendant Collins

_____
PAUL BURAKOFF (P28212)
Assistant U.S. Attorney